# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  CASE NO. 18-20403
                                         HON. DENISE PAGE HOOD

v.

DOMINIQUE TRUMBO,

       Defendant.
                                /

## ORDER REGARDING VARIOUS MOTIONS
### [Dkt. Nos. 22, 23, 24, 25]

**I.    Introduction**

On June 12, 2018, Defendant was charged in a four-count Indictment with: (a) conspiracy to defraud the United States; and (b) three acts of illegal remunerations involving federal health care programs. On November 13, 2018, a First Superseding Indictment was filed, adding a count for attempt and conspiracy to commit fraud.

On November 9, 2018, Defendant filed: (1) a Renewed Motion for Discovery [Dkt. No. 22]; (2) a Motion for Use of Jury Questionnaire [Dkt. No. 24, which is a duplicate of Dkt. No. 23]; and (3) a Motion for Access to Court Jury Questionnaires. [Dkt. No. 25] The Government has filed a response to the Renewed Motion for Discovery and the Motion for Use of Jury Questionnaire. For the reasons set forth below, all of Defendant's motions are denied.

## II. Renewed Motion for Discovery and Other Items

After a hearing held on August 22, 2018, the Court issued an Order requiring that the Government provide Defendant with the following information as it pertains to the Government's known informant: criminal history; alcohol abuse history; substance abuse history; written instructions given to the informant; psychiatric records and treatment history in possession of the government; and polygraph examination results. Other information requested by Defendant was denied without prejudice.

On November 9, 2018, Defendant filed a second discovery motion. Defendant asserts that he needs the following materials to prepare for trial:

    a.    Government witness list;

    b.    Government exhibit list;

    c.    Criminal history, if any, of any civilian and cooperating witness that have not been previously provided;

    d.    Copies of any Rule 11 Plea Agreement of any witness who will testify in this matter, and a disclosure of any "deal" or other offer or "incentives" offered to witnesses to testify, to extent not already provided;

    e.    Copies of all grand jury transcripts;

    f.    Copies of any and all other statements obtained from any witness;

    g.    Copies of presentence investigation report for all witnesses who will testify and have pleaded guilty.

Defendant represents that he has consulted with the Government attorney regarding the materials requested. Defendant acknowledges that the Government has been very cooperative in providing discovery and that the motion for discovery is being filed "to protect Defendant's rights."

The Government represents that the Renewed Motion for Discovery should be denied as moot because the Government has produced all discovery it is required to produce (including the identity of confidential informants and other witnesses it has interviewed, as well as their reports and any recording made) and continues to do so on a rolling basis (Rule 16 discovery), as well as the criminal history and Rule 11 Plea Agreement of its only anticipated cooperating witness. The Government further represents that it will disclose any other evidence required as it becomes due (*Jencks* and *Brady* materials, including relevant grand jury transcripts, if any). The Government indicates that it will produce its expert notice four weeks in advance of trial as requested by Defendant and, although it has not prepared such lists yet, is willing to produce an exhibit list and witness list four weeks in advance of trial.

Defendant cites four cases to support his request for the PSR(s) (and/or pretrial services report(s)) of the Government's cooperating witness(es). *See United States v. Schlette*, 842 F.2d 1574, 1579 (9th Cir. 1988); *Berry v. Dep't of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984); *United States v. Garcia*, 562 F.3d 947, 950, 953 (8th Cir.

2009) (district court abused its discretion when it did not conduct an *in camera* review where the government indicated the PSR might contain *Brady/Giglio* information and requested that the court conduct an *in camera* review); *United States v. Ventura*, 132 F.3d 44 (10th Cir. 1997).[1] None of these cases were issued by the Sixth Circuit or a court in the Sixth Circuit.

The Government argues that the presentence report ("PSR") for a cooperating witness is confidential and not to be disclosed by the Government to Defendant. The Government states that PSRs are confidential reports for the court to be used to determine a fair sentence, *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (stating that "[a] court may, in its discretion, make an *in camera* inspection of a PSR if a defendant alleges that the PSR contains material to which he would be entitled under *Brady*"), and "have always been jealously guarded by the federal courts." *United States v. Trevino*, 89 F.3d 187, 192 (4th Cir. 1996). In 1995, the Sixth Circuit denied a defendant's request that the court produce a copy of a witness's PSR, stating:

> We find the Fifth Circuit's reasoning in *Trevino* quite persuasive. *Brady* expressly applies to material evidence withheld from the defense by the prosecution. Neither *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense

---

[1] At this point, the only witness identified with respect to whom Defendant desires a PSR is Tasadaq Ahmad Ali.

upon request. Nor do they require a trial court to review such a report *in camera* for potential *Brady* material. Thus, we hold that the district court did not abuse its discretion in denying [defendant]'s request.

*United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995). In 2016, the Sixth Circuit held:

> The commonly invoked reasons underlying PSRs' special status are threefold: (1) the defendant's interest in privacy and in preventing the dissemination of inaccurate information, (2) law enforcement's and cooperating informants' interest in confidentiality, and (3) the sentencing court's interest in encouraging the free flow of information during the presentencing process. *See, e.g., Huckaby*, 43 F.3d at 138; *Corbitt*, 879 F.2d at 229–35. Because of these policy reasons for maintaining the confidentiality of PSRs, a third party seeking release of a PSR must make a showing of "special need" to obtain the document. *See, e.g., U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988).

*In re Morning Song Bird Food Litig.*, 831 F.3d 765, 773 (6th Cir. 2016).[2]

Before a court determines that a PSR – or a portion of it – should be disclosed to a defendant, it should first conduct an *in camera* review <u>if</u> the defendant has "clearly specified the information in the report that [defendant] expects will reveal exculpatory or impeachment evidence." *United States v. Allen*, 716 F.3d 98, 104 (4th Cir. 2013) (quoting *Trevino*, 89 F.3d at 192). A defendant must "plainly articulate how the information contained in the PSR will be both material and favorable to his

---

[2]The Sixth Circuit also has held that "the *Jencks* Act does not require routine disclosure of presentence reports to third parties." *United States v. McGee*, 408 F.3d 966, 974 (6th Cir. 2005).

defense." *Allen*, 716 F.3d at 104 (citing *Trevino*, 89 F.3d at 192-93). "[A] defendant can[not] go on a fishing expedition every time a codefendant pleads guilty, as *Trevino* clearly requires a specific explanation of what exculpatory evidence a PSR will contain."*Allen*, 716 F.3d at 105 (citing *Trevino*, 89 F.3d at 192-93).

The defendant must make a "threshold showing of a good faith belief" that a particular PSR "contains exculpatory evidence not available elsewhere." *United States v. Molina*, 356 F.3d 269, 175 (2d Cir. 2004); *United States v. Jewell*, 614 F.3d 911, 921 (8th Cir. 2010) (a defendant must make a showing of a special need for another person's PSR). "If a defendant can describe what exculpatory or impeaching information he expects to find in the requested PSR, the district court is obligated to undertake an *in camera* review of the PSR to determine whether it does indeed contain any such information and whether the defendant's need for that information is 'compelling.'" *United States v. Happ*, 2008 WL 5101214, at *9 (S.D. Ohio Nov. 25, 2008).

In support of his request for the PSR, Defendant states that the Government:

> has investigated for years and the probation department has utilized the billion dollar resources of Mr. [Tasadaq Ahmad] Ali . . . , matters that influence Mr. [Tasadaq Ahmad] Ali, matters affecting character and the like. [Defendant] cannot duplicate the efforts of the probation department in investigating [Tasadaq Ahmad Ali].[3] Counsel is asking for a fair

---

[3]Defendant actually states ". . . the probation department in investigating Mr. Trumbo." The Court assumes that Defendant meant the probation department's

chance in this trial and the defense needs information to compete fairly. [Dkt. No. 22, PgID 87] The Government argues that Defendant fails to make any specific allegations regarding Defendant's need for information in the PSR for Tasadaq Ahmad Ali. The Government asserts that Defendant has not "specified the information in the report that [he] expects will reveal exculpatory or impeachment evidence," *Allen*, 716 F.3d at 104, nor shown a good faith belief that the report "contains exculpatory evidence not available elsewhere." Relying on *Molina, Jewell, supra*.

The Court finds that Defendant has not set forth a good faith belief that the PSR has any exculpatory or impeachment evidence. Defendant fails to identify how or why any information in Tasadaq Ahmad Ali's PSR will reveal any evidence exculpatory to Defendant or that might impeach Tasadaq Ahmad Ali. Instead, Defendant appears to be requesting the PSR of Tasadaq Ahmad Ali in an attempt to discover whether there is any such exculpatory or impeachment evidence *vis a vis* Tasadaq Ahmad Ali in his PSR, a method expressly denounced in *Allen* and insufficient under established Sixth Circuit precedent. *See In re Morning Song Bird Food Litig., supra; see also Julian, supra.* The Court also notes that Defendant has not asked the Court to conduct an *in camera* review of Tasadaq Ahmad Ali's PSR.

---

investigation regarding Tasadaq Ahmad Ali, as Mr. Ali is the witness about whom Defendant is seeking a PSR.

As Defendant has not met its burden of demonstrating that the Court should conduct an *in camera* review of Tasadaq Ahmad Ali's PSR, the Court concludes that Defendant is not entitled to that PSR and denies Defendant's request to be provided that PSR.

The Court denies Defendant's Renewed Motion for Discovery. [Dkt. No. 22]

## III. Motion for Use of Jury Questionnaire

Defendant seeks to have jurors complete a questionnaire to collect information about the jurors before *voir dire*. Defendant attaches a 14-page, 68-question document as a proposed supplemental questionnaire, but also says that all counsel would attempt to draft an agreed-upon questionnaire to be submitted to the Court for approval. Defendant contends that the use of such a questionnaire would expedite the collection of information and that the Court has the discretion to permit such a questionnaire if the interests of justice are best served. Defendant represents that Government counsel does not object to the relief requested.

> Rule 24 provides that "the court may examine prospective jurors or may permit the attorneys for the parties to do so," Fed. Crim. P. 24(a), and "gives the court very broad discretion on the conduct of the voir dire examination of prospective jurors." *United States v. Schmucker*, 815 F.2d 413, 421 (6th Cir. 1987). This discretion extends to whether or not to permit juror questionnaires, *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011); *United States v. Phibbs*, 999 F.2d 1053, 1071 (6th Cir. 1993), and a trial court abuses its discretion only "if it restricts the scope of voir dire in a manner that unduly impairs the defendant's ability to exercise his peremptory challenges or make his challenges for cause,

> *United States v. Martinez*, 981 F.2d 867, 870 (6th Cir. 1992). Thus, "[w]hile pre-trial juror questionnaires 'have become a favored device of trial lawyers,' *United States v. Padilla–Valenzuela*, 896 F.Supp. 968, 970 (D. Ariz.1995), it is within the sound discretion of the trial court to refuse to submit a party's questionnaire to prospective jurors," particularly where the court finds a questionnaire "invasive or simply unnecessary." *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. CIV.A. C-09-312, 2010 WL 4281932, at *1 (S.D. Tex. Oct. 25, 2010).

*United States v. Darden*, 346 F. Supp. 3d 1096 (M.D. Tenn. 2018).

This is a single defendant case with allegations of health care fraud and conspiracy. It is not complex, and the breadth of the questions proposed goes far beyond what is necessary to seat an impartial jury. Although the process may expedite the *voir dire* process in court, requiring prospective jurors to come down to the courthouse to complete the questionnaires and then return to court for *voir dire* would in this case be burdensome for the prospective jurors.

The Court is not persuaded, at least based on the arguments in the record, that the use of a questionnaire would be in the interests of justice. Defendant has not demonstrated that it would sufficiently advantage the parties or the Court to offset the detrimental effect it would have on the many persons who would be summoned for jury duty. The Court denies Defendant's Motion for Use of Jury Questionnaire. [Dkt. Nos. 23 and 24]

## IV. Motion for Access to Court Jury Questionnaires

Defendant asks the Court to allow the parties to have access to the "questionnaires" submitted to the Jury Clerk by prospective trial jurors. Defendant's argues that access to such questionnaires is necessary "to properly evaluate the jurors' background and their answers to the questions posed on *voir dire* examination." In his brief, Defendant represents that counsel for the Government did not object to the relief requested, and the Government did not specifically oppose the relief requested at the hearing.

Defendants' argument lacks merit. Defendant's request pertains to the "juror qualification questionnaire" mailed from the court to prospective jurors.[4] The Eastern District of Michigan has an Administrative Order limiting the disclosure of juror information. *See* E.D. Mich. Admin. Order No. 00-AO-060 (the juror number, race, and Hispanic identity is the only information that may be disclosed upon a challenge to the composition of a jury wheel or panel on the basis of race and/or ethinicity). The

---

[4]The juror qualification questionnaire requires that prospective jurors provide the following information: (a) are you a citizen of the United States; (b) are you 18 years or older; (c) has your primary residence been in Michigan for the last year; (d) "do you read, write, and understand [and speak] the English language . . . ?"; (e) do you have any pending charges or convictions for a crime punishable by more than one year in prison (*i.e.,* a felony)?; (f) "do you have any physical or mental disability that would interfere with or prevent you from serving as a juror?"; (g) are you employed or compensated as a public official, governmental police or fire department, or serve in the U.S. armed forces; (h) are you Hispanic or Latino; (i) what is your race; (j) what is your sex; (k) are you employed and, if so, where and by whom; and (l) do you have any grounds for requesting excuse from jury service.

Court notes that the questions on the juror qualification questionnaire are typically answered during any *voir dire* before the undersigned, in most cases expressly and in some instances implicitly. Those answers may be in response to: (1) the basic questions every person subject to *voir dire* must answer, (2) questions asked by the undersigned, or (3) questions that may be posed by counsel. Defendant has not demonstrated a need to know any of the information in the juror qualification questionnaires. The Court denies Defendant's Motion for Access to Court Jury Questionnaires. [Dkt. No. 25]

**V. Conclusion**

Accordingly,

IT IS ORDERED that Defendant's: (1) Renewed Motion for Discovery [Dkt. No. 22]; (2) Motion for Use of Jury Questionnaire [Dkt. No. 24 and Dkt. No. 23]; and (3) Motion for Access to Court Jury Questionnaires [Dkt. No. 25] are DENIED.

    IT IS ORDERED.

                                              s/ Denise Page Hood
                                              DENISE PAGE HOOD
February 15, 2019                    UNITED STATES DISTRICT COURT